IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **TABITHA D. MORRIS,** | § |
| | § |
| Plaintiff | § |
| | § |
| -v- | § |
| | § |
| **FEDCHEX RECOVERY, LLC.** | § |
| | § |
| Defendant. | § |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Tabitha D. Morris brings this action to secure redress from unlawful collection practices engaged in by defendant Fedchex Recovery, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.*

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Barry County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. Defendant Fedchex Systems, LLC (hereinafter "Defendant Fedchex") is a collection agency operating from an address of Post Office Box 18978, Irvine, California 92623-8851. The registered agent for Fedchex is Lexis Nexis Document Solutions, Inc. 601 Abbott Rd., East Lansing MI 48823.

6. Fedchex uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Fedchex regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Fedchex is a "debt collector" as the term is defined and used in the FDCPA. Fedchex is licensed (No. 2401001851) by the State of Michigan to collect consumer debts in Michigan.

## IV. FACTUAL ALLEGATIONS

8. Sometime before June of 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical bill with Doubleday's Spine & Brain of SW Michigan in the amount of $148.28. (Exhibit 1)

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.\

10. On or about June 15, 2016, Defendant sent Plaintiff a collection letter that demanded $178.28 for this $148.28 debt.

11. The collection fee of $30.00 that had been added was more than 20% of the amount being collected by Defendant.

12. Plaintiff did not agree to such a collection charge and the 20% collection fee, $30.00 on a $148.28 bill, far exceeds any reasonable costs of collection for this account.

13. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff and a violation of numerous and multiple provisions of the FDCPA, include but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others.  *See* Kojetin v. CU Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000) ("Contrary to [the Collector's] view, we agree with the district court's conclusion that [the Collector] violated the FDCPA when it charged Kojetin a collection fee based on a percentage of the principal balance that remained due rather than the actual cost of the collection.")

14. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

15. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## V.  TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. PRAYER FOR RELIEF

### Count I – Fair Debt Collection Practices Act

17. Plaintiff incorporates the foregoing paragraphs by reference.

18. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692e(2)(A);

    b. Defendant violated 15 U.S.C. §1692f(1);

**Wherefore,** Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

| Dated: November 21, 2016 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|